THE STATE OF OHIO, APPELLEE, *v.* FLETCHINGER, APPELLANT.

[Cite as State v. Fletchinger (1977), 51 Ohio App. 2d 73.]

(No. 35447—Decided January 13, 1977.)

*Mr. John T. Corrigan,* for appellee
*Mr. John H. Gibbon,* for appellant.

DAY, J. This appeal invokes a review of plea proceedings in which defendant-appellant Sandra Fletchinger (defendant), plead guilty to two sex offenses.

Defendant was first indicted on November 18, 1974, for the corruption of a minor (R. C. 2907.04) with a count of rape (R. C. 2907.02). She was indicted a second time on November 25, 1974, for rape (R. C. 2907.02). The first indictment involved a 15-year-old the second a 10-year-old. Both were males. At her arraignment defendant plead not guilty to both charges.

However, she appeared before the Court of Common Pleas on April 9, 1975, for the purpose of withdrawing her previously entered pleas of not guilty.

At the April appearance the court addressed defendant advising her of the presumption of innocence and that she: (a) was entitled to a jury trial; (b) had a right to counsel; (c) had a right to be proven guilty "* * * by evidence of a reasonable doubt * * * [sic]"; (d) had a right to face her accusers and cross-examine them; (e) had a right to call witnesses in her own behalf; (f) was not required to testify; and (g) that her failure to testify could not be the subject of prosecution comment. The court then asked defendant if she was guilty of two counts of corruption of a minor.[1] Defendant responded "Yes * * * ." The court then concluded that the pleas were entered voluntarily and "* * * with an understanding of the possible penalties that have been explained * * * here in open court."[2] The pleas were accepted.

Defendant filed a timely notice of appeal[3] raising three

---

[1] The Prosecutor had indicated and defense counsel had agreed that the defendant wished to plead guilty to the first indictment (November 18) which charged corruption of a minor (15 years old), and to plead guilty to corruption of a minor as a lesser included offense of rape under the second indictment (November 25 involving the 10-year-old boy).

The court did not personally explain to defendant the nature of the charges and the crucial elements of each charged offense, cf. Henderson v. Morgan (1976), 426 U. S. 637, 49 L. Ed. 2d 108.

[2] The court did not personally address defendant and explain the possible penalties for each offense, although the Prosecutor had mentioned them at the start of the proceeding.

[3] On June 3, 1975, defendant was sentenced to the Lima State

assignments of error. The assignments are noted in the Footnotes.[4] For reasons assessed below we find all three assignments of error well taken. We reverse.

## I.

The first error assigned attacks only the plea to the second indictment. However, the pleas under both indictments were taken to the same offense—corruption of a minor (R. C. 2907.04). That offense was charged on the first indictment. And if the victim was indeed "not over fifteen years of age" the plea would be legally defensible assuming other constitutional and rule requirements for the taking of pleas were observed. It is noted, however, that the fact of the age of the victim under the first charge cannot be determined from the record. The point is made for consideration in further proceedings on remand. For should it develop that the first indictment victim was over fifteen the state will need to determine whether there is another section of the code under which the defendant can be charged for her alleged violation.

The plea to the charge of corruption of the ten-year-old raises different questions.

"Where the elements of another offense are not includ-

Hospital on the recommendation of the Psychiatric Clinic for treatment prior to the execution of sentence of 1-10 years on each count. On October 8, 1975, the sentence was ordered into execution, with credit for time spent in the hospital. Defendant filed a notice of appeal on October 28, 1975.

[4]Assignment of Error No. I:

"I. The common pleas court erred in accepting the defendant's guilty plea on the second count of corrupting a minor, since corrupting a minor is not a lesser included offense of rape, the crime for which she was indicted."

Assignment of Error No. II:

"II. The common pleas court erred in accepting the defendant's guilty plea without personally addressing the defendant and determining that she understood the maximum penalty involved."

Assignment of Error No. III:

"III. The common pleas court erred in accepting the defendant's guilty plea without informing her that by her plea she was waiving her various rights and that upon acceptance of the plea, the court could immediately proceed with judgment."

ed among those of the offense charged in the indictment, the defendant cannot be found guilty of such other offense under the indictment'', *State* v. *Hreno* (1954), 162 Ohio St. 193, 196-197.

It has been noted that the November 25, 1974, indictment charged the defendant with the rape of a 10-year-old boy and that her plea under that charge was to a so-called ''included'' offense—the corruption of a minor.

Corruption of a minor must involve an accused (eighteen or older) in sexual conduct with a person who ''* * * is over twelve but not over fifteen years of age * * *.'' R. C. 2907.04(A).[5] The indictment specifies that the victim was only 10 years of age. Certainly, the corruption of a minor, R. C. 2907.04, cannot be a lesser included offense of rape, R. C. 2907.02, when the minor does not fall within the statutory age bracket. But this is not the only vice in treating ''corruption'' as an included offense to a charge of rape of a ten-year old.

It may be assumed for present purposes that the defendant was over 18. However, corruption of a minor involves not only age conditions. In addition, there is the element of *knowing* that the victim ''* * * is over twelve but not over 15 years of age, or the offender is reckless in that regard,'' R. C. 2907.04(A). The rape statute has no such knowledge requirement nor does it allow for recklessness in that particular. Therefore, for this additional reason R. C. 2907.04 does not define a lesser included offense under R. C. 2907.02, *State* v. *Hreno, supra.*[6]

---

[5]R. C. 2907.04 states:

"Corruption of a minor.

"(A) No person, eighteen years of age or older, shall engage in sexual conduct with another, not the spouse of the offender, when the offender knows such other person is over twelve but not over fifteen years of age, or the offender is reckless in that regard.

"(B) Whoever violates this section is guilty of corruption of a minor, a felony of the third degree. If the offender is less than four years older than the other person, corruption of a minor is a misdemeanor of the first degree."

[6]Sexual battery may be an included offense in the charge of rape. See R. C. 2907.03(A) (1) (2) (3).

The court erred by accepting defendant's guilty plea to a crime for which she could neither be charged nor convicted under the facts alleged in the indictment. She was allowed to plead to a crime which could not be committed with a ten-year-old boy even if age scienter were a factor in rape. (It is not.) A plea to rape, properly taken, would have been valid. A plea to a non-included offense cannot be.[7]

Moreover, had defendant's plea to corruption of a minor with respect to the 10-year-old boy involved a lesser included offense, the acceptance of the plea was in violation of defendant's right to due process. This is so because, on the facts of this case, the plea was involuntary. A plea may be involuntary where the accused " * * * has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt," *Henderson* v. *Morgan* (1976), 426 U. S. 637, 645, 49 L. Ed. 2d 108, 114, n. 13.[8] Because the element of knowledge was not explained, it cannot be said that defendant voluntarily, knowingly and intelligently entered her plea. She could not plead guilty to an offense which she could not possibly have committed and for which she could not have been convicted by bench or jury and still satisfy the United States Constitution. In addition, by failing to inform defendant of these facts the court failed to determine that the plea was made with an understanding of the nature of the charge, as required by Crim. R. 11(C)(2)(a). The defendant's understanding of the charge was so incomplete as to preclude an intelligent admission of guilt, see *Henderson* v. *Morgan, id.*

## II.

Section I has explained why the plea to the second in-

---

[7]The doctrine of *Alford* v. *North Carolina* (1970), 400 U. S. 25, 27 L. Ed. 2d 162, is inapposite. There the court held that a defendant could plead guilty while protesting his innocence but the plea was to a crime encompassed by the charge and provable under it.

[8]*Henderson* held that where defendant plead to second degree murder on a first degree murder indictment, the plea was involuntary because defendant in that particular case had not been informed by the court that intent to kill was an element going to the "substance of the charge," *supra,* at 114, 115-116.

dictment was infirm. There are other particulars in which neither plea met the requirements imposed by Crim. R. 11. For these reasons both pleas were invalid.

Crim. R. 11(C)(2) specifies:

"In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of maximum penalty involved, and, if applicable, that he is not eligible for probation.

"(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.

"(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."

The requirements of Crim. R. 11 must be "scrupulously adhered to," *State* v. *Griffey* (1973), 35 Ohio St. 2d 101, 111.

The transcript of the evidence in the instant case records the trial court's failure to adhere to three specific mandates of the rule. Before accepting the plea and during its personal address to defendant the court did not explain the maximum penalties involved (see n. 2), as required by Crim. R. 11(C)(2)(a).[9] Although the court did explain defendant's constitutional rights,[10] enumerated in Crim. R. 11

---

[9] It has been noted that the court also failed to adhere to the requirement of Crim. R. 11(C)(2)(a) that the court, while personally addressing defendant, determine that the defendant understand the nature of the charge, see I, *infra*.

[10] It is arguable that the court did not explain the right to have the state prove her guilt beyond a reasonable doubt. The court's language on that point was highly ambiguous at best: "This court, in

(C)(2)(c), the court did not specifically inform defendant that by her plea she waived them. Finally, the court did not inform defendant and determine that she understood the effect of her guilty plea[n] "* * * and that the court upon acceptance of the plea may proceed with judgment and sentence," Crim. R. 11(C)(2)(b). It follows that both pleas were invalid under the standards imposed by Crim R. 11, underwritten by *Griffey*.

Reversed and remanded for further proceedings in accordance with this opinion.

*Judgment reversed.*

JACKSON, C. J., and KRENZLER, J., concur.

any event, to find you guilty of anything, all 12 members of the jury or the court, as the case may be, first have to be convinced by evidence of a reasonable doubt of your guilt * * *."

[n]Crim. R. 11(C)(2)(b) requires that the court address the defendant personally and explain effect of a guilty plea. That effect is defined in Crim. R. 11(B)(1).