The STATE of Ohio, Appellee,

v.

JAKOBIAK, Appellant.

[Cite as *State v. Jakobiak* (1989), 65 Ohio App.3d 432.]

Court of Appeals of Ohio,
Lucas County.

No. L–88–360.

Decided Dec. 1, 1989.

*Julia K. Casey*, for appellant.

ABOOD, Judge.

This is an appeal from a judgment of conviction in the Lucas County Court of Common Pleas following a jury verdict of guilty on two counts of rape in violation of R.C. 2907.02. Defendant-appellant, Edward L. Jakobiak, has appealed setting forth three assignments of error:

"I. The trial court erred in refusing to instruct the jury on the lesser included offense.

"II. The trial court erred when it delivered the charge to the jury requested by the prosecutor.

"III. The verdict is against the manifest weight of the evidence."

The facts giving rise to this appeal are as follows. On the evening of July 19, 1988, appellant met Tammy Lowry in the parking lot at Southwyck Mall where a group of young people had congregated to socialize. Tammy and appellant had become acquainted with each other over that summer through previous social visits to the mall lot. On that particular night a party was being held at a campground near Swanton, Ohio, and Tammy rode to the party with appellant in appellant's car. Later that night they left the party in appellant's car and ended up parked on a gravel path along a railroad track near Crissey and Geiser Roads. It is undisputed that at that time and place some sexual activity took place between them. Afterward, appellant dropped Tammy off in a parking lot near the apartment complex where she lived with her mother and brothers. Soon after arriving home Tammy went next door to visit a friend, Leslie Roach, to whom she confided that she had just been raped by appellant. Roach then told Tammy's mother who took Tammy to the Medical College of Ohio, and the police were called. At the hospital Tammy was examined by a nurse and a doctor and later was interviewed by several detectives. Tammy told them that she had been raped both vaginally and orally by appellant. Early on the morning of July 20, 1988, Tammy left the hospital with her mother and several detectives and took the detectives to the area where she had been raped. Later that same morning, the detectives arrested appellant who was subsequently indicted on three counts of rape each in violation of R.C. 2907.02, an aggravated felony of the first degree, and each containing a specification of a previous conviction of aggravated robbery. Appellant pled not guilty, and the matter proceeded to trial by jury on October 12, 1988. At trial, both Tammy and appellant testified, giving conflicting versions of what transpired between them on the night of July 19, 1988. Tammy testified that appellant forced her to submit to oral sex twice and vaginal intercourse once. Appellant testified that Tammy and he engaged in one act of oral sex only and that Tammy had not only consented, but had initiated it herself. Also testifying were the nurse and the doctor who examined Tammy at Medical College of Ohio, the detectives investigating her allegations, her friend, Leslie Roach, her mother, and several other individuals. On October 18, 1988, the jury returned a verdict of guilty on two of the three counts of rape and not guilty on one count. On October 20, 1988, appellant was sentenced to the Ohio Department of Rehabilitation and Corrections for fifteen to twenty-five years on each count with the sentences to be served concurrently. Thereafter, appellant filed the instant appeal.

In his first assignment of error, appellant asserts the trial court erred in refusing to instruct the jury on the lesser included offense of corruption of a minor. Appellant argues that the basis on which the trial court denied the requested instruction was not in accordance with the "proper overall focus

described by the Ohio Supreme Court." Appellant argues further that where, as here, the appellee presents evidence irrelevant to the crime charged but relevant to the lesser offense upon which the instruction is requested, appellant's rights of due process are violated by the court's refusal to charge on that lesser offense.

At trial, the court denied appellant's request to instruct the jury on the lesser included offense of corruption of a minor, finding that:

" * * * [A]n instruction on corruption of a minor is not a lesser included offense in this particular case because the rape charge goes to sexual conduct with another, not the spouse of the defendant, by force, and age is not an element, and in the charge of corruption of a minor age is an element, and therefore corruption of a minor is not a lesser included offense."

In *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294 at paragraph three of the syllabus, the Supreme Court of Ohio set forth the test for determining whether one offense is a lesser included offense of another:

"An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. (*State v. Kidder* [1987], 32 Ohio St.3d 279, 513 N.E.2d 311, modified.)"

In *State v. Thomas* (1988), 40 Ohio St.3d 213, 215, 533 N.E.2d 286, 288, the Supreme Court of Ohio, in applying the *Deem* test, recognized it as a threshold requirement and noted that "[a]t this point in the determination of the appropriateness of giving a charge on a lesser included offense, a review of the evidence involved in the particular case would be premature." See, also, *Kidder, supra,* 32 Ohio St.3d at 282, 513 N.E.2d at 315.[1]

In this case, appellant was charged with purposely, by force, compelling Tammy to engage in sexual conduct in violation of R.C. 2907.02(A)(2).[2]

---

1. However, once all three prongs of the *Deem* test have been met, the evidence presented at trial must then be examined to determine if it would reasonably support an acquittal on the crime charged and a conviction upon the lesser included offense, thereby requiring a charge on the lesser offense. *Id.* at paragraph two of the syllabus. See, also, *Kidder, supra,* 32 Ohio St.3d at 281–283, 513 N.E.2d at 314–316.

2. R.C. 2907.02 provides in relevant part:
   "(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when either of the following apply:

The elements of the offense of corruption of a minor are as set forth in R.C. 2907.04:

"(A) No person, eighteen years of age or older, shall engage in sexual conduct with another, not the spouse of the offender, when the offender knows such other person is over twelve but not over fifteen years of age, or the offender is reckless in that regard."

The offense of rape in violation of R.C. 2907.02(A)(2) as charged in this case does not contain age as an element, as does the offense of corruption of a minor. Even though there was testimony presented at trial that Tammy was fourteen years old at the time of the offense, that does not alter the fact that a rape as statutorily defined in R.C. 2907.02(A)(2) can be committed without the offense of corruption of a minor as statutorily defined in R.C. 2907.04 also being committed. This court, therefore, finds that the second prong of the *Deem* test was not met, and the trial court did not err in refusing to instruct the jury on the offense of corruption of a minor. See, also, *State v. Fletchinger* (1977), 51 Ohio App.2d 73, 5 O.O.3d 186, 366 N.E.2d 300.

Accordingly, we find that appellant's first assignment of error is found not well taken.

■ In his second assignment of error, appellant asserts that the trial court erred when it gave the special instruction requested by appellee. Appellant argues that the instruction given was a violation of his constitutional rights because it overturned the presumption of his innocence and in effect required him to submit proof of his innocence.

Crim.R. 30(A) provides for special instructions requested by the parties:

"(A) Instructions; error; record. At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. * * * "

■ It is well established that in criminal cases special jury instructions requested by a party must be included, at least in substance, in the trial court's general charge if they are correct, pertinent and timely presented. *State v. Guster* (1981), 66 Ohio St.2d 266, 20 O.O.3d 249, 421 N.E.2d 157.

---

"(a) For the purpose of preventing resistance, the offender substantially impairs the other person's judgment or control by administering any drug or intoxicant to the other person, surreptitiously or by force, threat of force, or deception.

"(b) The other person is less than thirteen years of age, whether or not the offender knows the age of such person.

"(2) *No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force.*" (Emphasis added.)

Further, a single challenged instruction may not be reviewed in isolation, but within the context of the entire charge. *State v. Price* (1979), 60 Ohio St.2d 136, 14 O.O.3d 379, 398 N.E.2d 772.

In this case, at the conclusion of the evidence, the trial court reviewed the written requests for special instructions including appellee's request which stated:

"During the trial counsel from time to time phrased questions to witnesses using the language isn't it true that. To those questions which were answered in the negative and no independent proof was offered to prove the truth of what was alleged in the question, it is improper for you to infer the truth of the facts alleged in the question merely from the asking of such question."

Although appellant objected to the instruction on the basis that it was not a standard instruction and that it over-emphasized the point to be made, the trial court allowed it stating that it simply clarified a proposition of law.

Upon review of the challenged instruction within the context of the trial court's entire jury charge, we find that although it may be somewhat ambiguously worded, it did convey a proper statement of the law, it was timely presented and it was pertinent to the case. The charge did not, as appellant contends, change or place any burden on appellant or violate any constitutional rights due appellant.

Accordingly, the trial court did not err in delivering the requested instruction and appellant's second assignment of error is found not well taken.

■ In his third assignment of error, appellant asserts that the verdict is against the manifest weight of the evidence. In support of this assignment of error, appellant argues that the evidence in the record supports his contention that the sexual conduct between him and Tammy was consensual and therefore not rape.

A reviewing court will not reverse a jury verdict as being against the manifest weight of the evidence if there is substantial evidence to form a basis upon which reasonable minds could conclude that every element of the offense has been proven beyond a reasonable doubt. *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O. 340, 383 N.E.2d 132. In determining if the verdict of the jury is against the manifest weight of the evidence, the appellate court may not weigh evidence or judge the credibility of the witnesses. *State v. Clay* (1973), 34 Ohio St.2d 250, 251, 298 N.E.2d 137, 138.

After thoroughly reviewing the record herein, we are satisfied that there was substantial evidence from which the jury could conclude that every element of the offense of rape had been proven beyond a reasonable doubt. We find, therefore, that the jury verdict is supported by the weight of the

**438**

evidence and, accordingly, appellant's third assignment of error is found not well taken.

On consideration whereof, this court finds that appellant was not prejudiced nor prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.

*Judgment affirmed.*

HANDWORK, P.J., and GLASSER, J., concur.