DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Joseph M. Gabarik, appeals his conviction in the Summit County Court of Common Pleas. We affirm.
 I.
Bethany Warfle resided with her family next door to Mr. Gabarik, his girl friend and her two children. Both homes were located in Stow, Ohio. On June 23, 1999, Ms. Warfle was 14 years old and was sun bathing in her backyard. Hence, she was dressed in her two-piece bikini. Mr. Gabarik struck up a conversation with her over the fence that separated their backyards. He informed Ms. Warfle that he did not have anything suitable to drink at his residence so she invited him over and offered him Kool-Aid; Josh, one of his girlfriend's children, accompanied him. At some point, Josh went back to Mr. Gabarik's residence to find a book. Mr. Gabarik began kissing Ms. Warfle, then accompanied her to her bedroom where he got her to lie down on her bed, performed cunnilingus upon her, and then began vaginal intercourse. He desisted when she told him repeatedly that "we should not be doing this." He then asked her to leave the room while he replaced his pants and cleaned his penis with a paper towel, which he disposed of in a trash can in Ms. Warfle's residence.
Josh returned to Ms. Warfle's residence after a short search for the book and found nothing noticeably amiss. Ms. Warfle, Mr. Gabarik, and Josh were soon engaged in a water gun fight, which continued until a friend of Mr. Gabarik, Timothy Susanek arrived at Mr. Gabarik's residence.
Ms. Warfle informed her mother about what Mr. Gabarik had done to her as soon as she and her mother were alone. At that point, on June 25, 1999, Ms. Warfle's mother contacted the Stow Police Department. Officers Swanson and Pastoria of the Stow Police Department were dispatched to the Warfle residence. Officer Swanson spoke with Ms. Warfle's parents while Officer Pastoria interviewed Ms. Warfle. Officer Pastoria took the sheet from Ms. Warfle's bed and a crumpled paper towel from Ms. Warfle's trash as possible pieces of evidence. The Officers then summoned Detective Film of the Stow Police Department to continue the investigation. Ms. Warfle was taken to Children's Hospital where Ms. Morstatter, a social worker, interviewed her, and where Ms. Abbott, a pediatric nurse, performed a rape kit and physical examination. Detective Film then contacted Mr. Gabarik and requested to speak with him about the matter. Mr. Gabarik voluntarily spoke with Detective Film concerning the incident.
On July 8, 1999, Mr. Gabarik was indicted by the Summit County Grand Jury on two counts: (1) rape by force or threat of force, in violation of R.C. 2907.02(A)(2); and (2) gross sexual imposition by force or threat of force, in violation of R.C. 2907.05(A)(1). The case was tried to a jury on February 28 through March 1, 2000. At trial, Mr. Gabarik's counsel requested a jury instruction on the charge of corruption of a minor, in violation R.C. 2907.04(A). The jury returned its verdict on March 2, 2000, finding Mr. Gabarik guilty of corruption of a minor but not guilty of rape or gross sexual imposition. He was sentenced accordingly. This appeal followed.
 II.
Mr. Gabarik asserts three assignments of error. We will address each in turn, consolidating his first two assignments of error to facilitate review.
 A. First Assignment of Error THE TRIAL COURT ERRED IN GIVING AN INSTRUCTION ON CORRUPTION OF A MINOR AS A LESSER INCLUDED OFFENSE OF RAPE.
 Second Assignment of Error APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.
Mr. Gabarik asserts that the trial court committed plain error in instructing the jury on the charge of corruption of a minor, as it was not charged in the indictment. Moreover, as Mr. Gabarik's own counsel requested that instruction, he asserts that his trial counsel was ineffective. We disagree.
R.C. 2945.74 provides, in pertinent part, that
 [t]he jury may find the defendant not guilty of the offense charged, but guilty of an attempt to commit it if such attempt is an offense at law. When the indictment or information charges an offense, including different degrees, or if other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense.
In State v. Carter (2000), 89 Ohio St.3d 593, 600, the Ohio Supreme Court delineated when an instruction on a lesser included offense must be given, stating that
 [i]n State v. Deem (1988), 40 Ohio St.3d 205, paragraph three of the syllabus, this court set out the test used to determine whether one offense constitutes a lesser-included offense of another:
 "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense."
 An instruction on a lesser-included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction on the lesser-included offense. State v. Thomas (1988), 40 Ohio St.3d 213, paragraph two of the syllabus; State v. Palmer
(1997), 80 Ohio St.3d 543, 562.
(Parallel citations omitted.)
However, the above standards are not applicable here as these address when a trial court must give an instruction on an offense pursuant to the request of trial counsel not when it may do. In fact, the case law in Ohio is replete with cases involving a defendant's request for an instruction on a lesser included offense and the trial court's denial of that request. See, e.g., Carter, 89 Ohio St. at 600; Thomas,40 Ohio St.3d at 215; State v. Jakobiak (1989), 65 Ohio App.3d 432, 436. However, the issue presented herein is whether a trial court may properly instruct a jury, and the jury convict, on a charge which is not a lesser included offense,[1] upon the request of defense counsel where the prosecution also does not object.
We begin our analysis by turning to Section 10, Article I of the Ohio Constitution which provides, in pertinent part, that "no person shall be held to answer for a capitol, or otherwise infamous, crime, unless on presentment or indictment of a grand jury[.]"[2] However, a defendant may waive his or her constitutional right to indictment or information.Stacy v. Van Curen (1969), 18 Ohio St.2d 188, 189; Stacy v. Van Curen
(C.A.6, 1970), 432 F.2d 970, 972.[3]
The basis of the requirement that one accused of a crime be indicted by a grand jury or upon information pursuant to R.C. 2941.021 is to fulfill the constitutional requirement that an accused be given notice of the crime charged so as to prepare an appropriate defense. State v. Ebersole
(Oct. 27, 1999), Summit App. No. 19447, unreported, at 3-4. Moreover, the right to be charged by indictment or information only "protects the defendant from conviction, without his or her consent, of an offense neither stated nor necessarily included in the accusatory pleading." (Emphasis added.) People v. Birks (1998), 19 Cal.4th 108, 122. The requirement of notice is fulfilled when the defendant requests an instruction on a related but not lesser-included offense.[4] Id. Further, in Birks, the California Supreme Court noted that the parties may agree
 that the defendant may be convicted of a lesser offense not necessarily included in the original charge. When the parties consent to such procedure, with or without formal amendment of the pleadings, neither can claim unfairness, and the prosecution's role in determining charges is not improperly compromised. Indeed, there may be many cases in which both parties are persuaded that their best interests lie in such procedure.
Id. at 136, fn. 19.
Herein, Mr. Gabarik requested a jury instruction on the crime of corruption of a minor which, although substantially related to the crimes charged,[5] does not share the element of age with the crime of rape by force or threat of force or gross sexual imposition by force or threat of force. Therefore, Mr. Gabarik had notice of the possibility that he could be convicted of that crime and had the opportunity to prepare his defense accordingly. Further, "waiver can be accomplished by acts or conduct as well as words." Van Curen, 18 Ohio St.2d at 190. Accordingly, we conclude that he waived his right to be indicted by a grand jury or on information when he requested that the jury be instructed on a crime not charged in the indictment against him. Further, the State did not object to the instruction and the trial court concluded that such an instruction was appropriate based on the evidence produced at trial. Therefore, we conclude that Mr. Gabarik was given notice that he could be convicted of corruption of a minor, as is required by the Constitutions of the United States and Ohio, and that he waived his right to indictment by grand jury of information. Hence, we cannot conclude that the trial court erred in instructing the jury on corruption of a minor per Mr. Gabarik's request.[6]
Mr. Gabarik asserts, in a related argument, that his trial counsel was ineffective in requesting the instruction on corruption of a minor. A two-step process is employed in determining whether the right to effective counsel has been violated.
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 693. In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, paragraph three of the syllabus. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690, 80 L.Ed.2d at 695. The defendant has the burden of proof, and must overcome the strong presumption that counsel's performance was adequate and that counsel's action might be sound trial strategy. State v. Smith (1985), 17 Ohio St.3d 98, 100. Furthermore, an attorney properly licensed in Ohio is presumed competent. State v. Lott (1990), 51 Ohio St.3d 160, 174.
Initially, we note that the request, while not common, was not erroneous, just as the trial court's decision to grant the request was not erroneous. Moreover, trial counsel was engaged in sound trial strategy, which we are not in a position to second guess. Trial counsel presumably wished to have the jury instructed on the charge of corruption of a minor because it would provide the jury with an option to convict on a lesser charge than that of rape or gross sexual imposition. Counsel's strategy appears to have worked in that Mr. Gabarik was convicted only of corruption of a minor. Hence, we cannot find counsel's request to have been erroneous; rather, it represented sound trial strategy. Accordingly, we conclude that Mr. Gabarik's counsel was not ineffective.
Mr. Gabarik's first and second assignments of error are overruled.
 B. Third Assignment of Error APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Mr. Gabarik avers that his conviction of corruption of a minor was against the manifest weight of the evidence because Ms. Warfle's testimony was not credible. Further, he asserts that the DNA test performed on Ms. Warfle's bed sheet did not conclusively establish Mr. Gabarik to have been the source of the semen on her bed sheet. Accordingly, he avers that his conviction was against the manifest weight of the evidence and that the jury lost its way and perpetrated a manifest miscarriage of justice when it convicted him. We disagree.
When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
One is guilty of corruption of a minor in violation of R.C. 2907.04 if one "who is eighteen years of age or older engage[s] in sexual conduct, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard." Sexual conduct is "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the anal or vaginal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse." R.C. 2907.01(A).
The testimony adduced at trial showed the semen on Ms. Warfle's bed sheet to be consistent with that of the defendant. Further, the evidence showed Mr. Gabarik to have been born on February 26, 1974. The evidence showed Ms. Warfle to have been fourteen at the time of the incident. Ms. Warfle testified that Mr. Gabarik had performed cunnilingus upon her and began to have vaginal intercourse with her. Mr. Gabarik ceased his activities when Ms. Warfle protested a second time.
Mr. Gabarik asserts that this evidence alone was incredible to show that Mr. Gabarik had committed the offense charged because the testimony, which showed Ms. Warfle to have been laughing and playing after the incident, showed that Mr. Gabarik had not committed the offense. However, it is the province of the jury to adjudge the credibility of witnesses. Further, the crime for which Mr. Gabarik was convicted was not one of force. Hence, upon thorough review of the record, we cannot conclude that the jury acted against the manifest weight of the evidence and perpetrated a miscarriage of justice in this case. Mr. Gabarik's third assignment of error is overruled.
 III.
Mr. Gabarik's assignments of error are overruled. The verdict of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
BAIRD, J., SLABY, J., CONCUR.
[1] This court has previously held that the crime of corruption of a minor is not a lesser-included offense of the crime of rape.State v. Jakobiak (1989), 65 Ohio App.3d 432, 436.
[2] As the defendant herein requested the instruction, the defendant was apparently not "held to answer" for the crime of corruption of a minor by the State, but rather, sought an instruction on an uncharged offense of his own volition.
[3] Pursuant to Crim.R. 7(D), the indictment could not be amended if the amendment would result in a change in the name or identity of the crime charged. State v. O'Brien (1987), 30 Ohio St.3d 122, paragraph two of the syllabus.
[4] Other courts have held that the decision whether to place one's liberty interest in jeopardy in regard to an uncharged offense by requesting an instruction on such an offense is not for the attorney, but for the defendant. See, e.g., People v. Brocksmith (1994), 162 Ill.2d 224,229. However, that issue was not raised for our review in the instant appeal.
[5] We need not resolve whether a crime, which is less closely related than the one at issue here to the offense charged, could properly be placed before the jury.
[6] Even if the trial court had erred, due to Mr. Gabarik's request, the error was invited, and therefore, cannot be raised on appeal. Stateex rel. Fowler v. Smith (1994), 68 Ohio St.3d 357, 359.