The STATE of Ohio, Appellee,

v.

JONES, Appellant.

[Cite as *State v. Jones,* 181 Ohio App.3d 47, 2009-Ohio-483.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 91025

Decided Feb. 5, 2009.

William D. Mason, Cuyahoga County Prosecuting Attorney, and John J. Gallagher, Assistant Prosecuting Attorney, for appellee.

Brian R. McGraw, for appellant.

MARY EILEEN KILBANE, Judge.

{¶ 1} Defendant Jamaull Jones ("appellant") appeals the court's accepting his guilty plea to preparation of drugs for sale. After reviewing the facts of the case and pertinent law, we reverse and remand.

I

{¶ 2} On January 6, 2000, appellant was indicted for possession of drugs, with a major-drug-offender specification, and possession of criminal tools, based on his participation in an attempted controlled delivery of approximately one kilogram of powder cocaine. On March 15, 2000, appellant pleaded guilty to preparation of drugs for sale, in violation of former R.C. 2925.07, a fourth-degree felony. The major-drug-offender specification was deleted, and the state nolled the possession-of-criminal-tools charge. This guilty plea was in exchange for appellant's testimony against his co-defendant in the case, Scott Stockwell. Appellant was sentenced to 17 months in prison, which was suspended, two years of community-control sanctions, and a $250 fine. Appellant did not file a direct appeal.

{¶ 3} On August 29, 2000, the court held a hearing and found appellant to be in violation of his probation. The court reinstated appellant's suspended sentence of 17 months in prison.

{¶ 4} On February 13, 2008, appellant filed a notice of appeal, arguing that his March 15, 2000 plea should be vacated because it was not knowingly, voluntarily, and intelligently made.

## II

{¶ 5} In appellant's sole assignment of error, he argues that his "due process rights were violated when a guilty plea was taken to amended count 1, which is not a lesser included offense of indicted count 1 and which the court failed to inquire as to whether he understood the charge."

{¶ 6} The underlying purpose of Crim.R. 11(C) is for the court to give enough information to a defendant to allow him to make an intelligent, voluntary, and knowing decision of whether to plead guilty. See *State v. Ballard* (1981), 66 Ohio St.2d 473, 20 O.O.3d 397, 423 N.E.2d 115. Courts have divided Crim.R. 11 rights into constitutional and nonconstitutional rights. Concerning the constitutional rights, courts must strictly comply with Crim.R. 11 mandates; for the nonconstitutional rights, the standard is substantial compliance. *State v. Stewart* (1977), 51 Ohio St.2d 86, 5 O.O.3d 52, 364 N.E.2d 1163. Substantial compliance means that "if under the totality of the circumstances it is apparent the defendant subjectively understood the implications of his plea, the plea should not be vacated." *State v. Scruggs*, Cuyahoga App. No. 83863, 2004-Ohio-3732, 2004 WL 1575253.

{¶ 7} In the instant case, appellant argues that the court did not comply with Crim.R. 11(C)(2)(a), in that the court accepted his plea without "[d]etermining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved." This is a nonconstitutional right and is subject to the substantial-compliance standard on review. See *State v. Holder* (1994), 97 Ohio App.3d 486, 646 N.E.2d 1173. In addition, in *State v. Mancini* (Jan. 7, 1993), Cuyahoga App. No. 63892, 1993 WL 4721, this court held the following: "The acceptance of a guilty plea violates due process where three conditions are met: (1) the defendant pleads to an offense which is not a lesser included offense of the charged crime; (2) there is a failure to explain the additional elements of the offense to which the defendant will plead; and (3) under the facts of the indictment, the defendant could not have committed nor been convicted of the offense."

{¶ 8} A review of the record in the instant case shows that appellant was initially charged with drug possession in violation of R.C. 2925.11. However,

this charge was amended, and appellant pleaded guilty to preparation of drugs for sale in violation of former R.C. 2925.07. First, we look at whether preparation of drugs for sale was a lesser included offense of drug possession. Drug possession, pursuant to R.C. 2925.11(A), is defined as "[n]o person shall knowingly obtain, possess, or use a controlled substance." Former R.C. 2925.07 defines preparation of drugs for sale as follows: "No person shall knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance * * * when the person knows or has reasonable cause to believe that another person intends to sell or resell the controlled substance." Thus, preparation of drugs for sale is not a lesser included offense of drug possession. See, e.g., *State v. Boone* (Dec. 28, 2001), Stark App. No. 2001CA00167, 2001 WL 1672559 (noting that drug possession is, in fact, a lesser included offense of preparation of drugs for sale).

{¶ 9} Second, we look at the record to see whether there is a failure to explain the additional elements of preparation of drugs for sale. A review of the record shows that the court, at the March 15, 2000 plea hearing, did not define or even name the offense to which appellant pleaded guilty. Rather, the prosecutor put the following onto the record: "The State of Ohio respectfully request[s] this Court amend Count 1 of the indictment to read violation of 2925.07; that is, preparation of drugs for sale or resale." The court then asked appellant whether he understood that he was pleading guilty to a fourth-degree felony, punishable by six to 18 months of incarceration. Next, the court explained to appellant the community-control sanctions he would be subject to, and what penalties he might incur if he violated them. The court substantially complied with the portion of Crim.R. 11(C)(2)(a) that mandates understanding of the maximum penalties involved. However, we must now determine whether, given the record before us, the appellant understood "the nature of the charge" to which he pleaded guilty.

{¶ 10} There is nothing in the record to indicate that appellant understood the nature of the charge to which he pleaded guilty, other than that it was a fourth-degree felony. Under the *Mancini* test, the court failed to explain any elements of preparation of drugs for sale or drug possession. Specifically, the record is silent on the additional element of preparing a controlled substance for shipment with reasonable belief that another person intends to sell it.

{¶ 11} Third, we look at the indictment to see whether, given the facts, appellant could have been convicted of preparation of drugs for sale. According to the indictment, appellant possessed cocaine in an amount greater than 1,000 grams. In addition, the criminal tool that he was charged with possessing was a 1993 Chevrolet Tahoe. Under this set of facts, appellant could not have been convicted of preparation of drugs for sale.

{¶ 12} While we are mindful that substantial compliance is the standard by which we review the trial court's action in the instant case, a review of the record shows that but for the state's request to amend the indictment to read that appellant violated R.C. 2925.07, it would be unclear which offense appellant pleaded guilty to. We find this to be a unique situation and conclude that, specifically under *Mancini*, the court failed to determine that appellant understood the nature of the charge of preparation of drugs for sale.

{¶ 13} Appellant's assignment of error is sustained, and this case is reversed and remanded to the lower court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

BOYLE, J., concurs.

COONEY, A.J., dissents.

COLLEEN CONWAY COONEY, Administrative Judge, dissenting.

{¶ 14} I respectfully dissent. I would affirm Jones's 2000 conviction.

{¶ 15} As the majority notes, Jones was indicted for drug possession with major-drug-offender specification and possession of criminal tools (a Chevy Tahoe) based on his participation in an attempted controlled delivery of approximately one kilo of cocaine. He pleaded guilty to preparation of drugs for sale, a fourth-degree felony. His original charge was a first-degree felony, and with the assistance of his counsel, he plea-bargained to that felony, eliminating the major-drug-offender specification and mandatory prison sentence. Jones received "probation," which he violated, and was sent to prison in September 2000 to serve 17 months.

{¶ 16} The record shows that Jones filed two pro se motions in November 2000 seeking jail-time credit and judicial release. He set forth the dates he spent in the county jail, totalling 179 days. He never raised any objection to his plea until the instant delayed appeal in 2008.

{¶ 17} Jones relies on *State v. Mancini* (Jan. 7, 1993), Cuyahoga App. No. 63892, 1993 WL 4721, in which this court followed a three-part test set forth in *State v. Fletchinger* (1977), 51 Ohio App.2d 73, 5 O.O.3d 186, 366 N.E.2d 300. *Fletchinger* held that the acceptance of a guilty plea violates due process when the following three conditions are met: (1) the defendant pleads to an offense that is not a lesser included offense of the charged crime; (2) there is a failure to explain the additional elements of the offense to which the defendant will plead;

and (3) under the facts of the indictment, the defendant could not have committed nor been convicted of the offense.

{¶ 18} In *Mancini*, we found that the third prong had not been met because the facts of the indictment (for aggravated robbery) placed the defendant on notice of the "force" or "threat of force" element of robbery since one causes physical harm through the use of force. Mancini's indictment contained three violence specifications alleging physical harm and threat of physical harm. Given the language of the violence specifications in the original indictment, we found that Mancini could have committed and could have been convicted of the robbery offense. Therefore, we upheld his robbery conviction.

{¶ 19} Likewise, in the instant case, Jones's original indictment included a major-drug-offender specification, alleging that he obtained over 1,000 grams of cocaine, and a charge for possessing criminal tools, i.e., that he had under his control a 1993 Chevrolet Tahoe with purpose to use it criminally. Since preparation of drugs for sale includes the element of transporting drugs, Jones has failed to meet the third prong of *Fletchinger*. He could have been convicted of preparation of drugs for sale based on the facts of the indictment. Therefore, I would affirm his conviction.

{¶ 20} Moreover, we recently held that when a defendant voluntarily participates in the amendment of the indictment as part of his plea agreement, he cannot raise the alleged defect as error to attack his conviction. *State v. Williams,* Cuyahoga App. No. 88737, 2007-Ohio-5073, 2007 WL 2793345, discretionary appeal not allowed, 116 Ohio St.3d 1508, 2008-Ohio-381, 880 N.E.2d 483. As the Ohio Supreme Court stated in *Stacy v. Van Coren* (1969), 18 Ohio St.2d 188, 190, 47 O.O.2d 397, 248 N.E.2d 603:

> The fact that the return of an indictment to charge one with a crime is a constitutional right does not prevent its waiver. Constitutional rights, as any other rights, may be waived.

{¶ 21} The Supreme Court was addressing the situation where a defendant is indicted for one crime and, without further action by indictment or information, pleads guilty to a different crime. The court stated:

> The proper procedure in this case would have been either the return of another indictment or for the petitioner to formally waive prosecution by indictment and agree to a prosecution by information. However, the fact that he did not do so but proceeded to plead to a different offense does not void his conviction. The petitioner's actions under the circumstances of this case, in voluntarily entering a plea of guilty while represented by counsel, constituted a waiver of

his constitutional right to indictment or information. Although such procedure may be erroneous it does not affect the validity of his conviction.

Id.

{¶ 22} Jones, while represented by counsel, voluntarily participated in the amendment of the indictment as part of his plea agreement. He cannot now raise the issue as error to attack his conviction eight years later. "Under the invited-error doctrine, a party will not be permitted to take advantage of an error that he himself invited or induced the trial court to make." *State ex rel. Beaver v. Konteh* (1998), 83 Ohio St.3d 519, 700 N.E.2d 1256.

{¶ 23} Accordingly, I would affirm.