[Cite as *State v. English*, 2013-Ohio-5258.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99778

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BRITTANY ENGLISH

DEFENDANT-APPELLANT

### JUDGMENT:
### AFFIRMED IN PART, REVERSED IN PART,
### AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-568275

**BEFORE:** E.T. Gallagher, J., Celebrezze, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 27, 2013

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square, Suite 1016
Cleveland, Ohio 44113-2098


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Patrick J. Lavelle
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

**{¶1}** Defendant-appellant Brittany English ("English") appeals her permitting drug abuse conviction and sentence. We find some merit to the appeal, affirm in part, and reverse in part.

**{¶2}** In October 2012, police were investigating Carl Akins ("Akins") for suspected drug trafficking. They searched Akins's home pursuant to a search warrant and found a set of keys belonging to English. As a result, the investigation led to a search of English's home where they found 122.39 grams of crack cocaine, 91.90 grams of heroin, two cell phones, an ecstasy pill, two Taurus handguns, three scales, and a grinder containing drug residue. English, who worked as an armed security guard, possessed the guns legally and had a Concealed Carry Weapons permit ("CCW").

**{¶3}** Following the search, English was charged in a 22-count indictment, with two counts of drug possession, two counts of drug trafficking, and one count of possession of criminal tools. Akins and another codefendant were also charged in the indictment. Each of the five counts against English included four forfeiture specifications for cell phones, guns, scales, and $20,412. The drug possession and drug trafficking charges included a one-year firearm specification. Two of the charges included major drug offender specifications.

**{¶4}** Pursuant to a plea agreement, English pleaded guilty to Count 17, which was amended from drug possession in violation of R.C. 2925.11(A), a first-degree felony, to

permitting drug abuse in violation of R.C. 2925.13(B), a fifth-degree felony. English also agreed to the four forfeiture specifications attendant to the charge, and the court dismissed the remaining charges and specifications.

{¶5} At sentencing, the court informed English that, as a result of her felony conviction, she would no longer be permitted to own a firearm and the state moved for forfeiture of English's CCW. English's trial counsel opposed the motion on grounds that it was not included in the forfeiture petition, nor in the plea agreement. English, through counsel, nevertheless stipulated that she could no longer legally possess a firearm as a result of her conviction.

{¶6} The court sentenced English to 85 days in jail and gave her credit for the 85 days she already served. It also ordered forfeiture of the items in the specifications, court costs, and that English's CCW permit not be returned to her. English now appeals and raises five assignments of error.

## Plea to Permitting Drug Abuse

{¶7} In the first assignment of error, English argues she was denied due process of law when she pleaded guilty to a single count of permitting drug abuse because permitting drug abuse was not a lesser included offense of drug possession.

{¶8} The acceptance of a guilty plea violates due process where three conditions are met: (1) the defendant pleads to an offense which is not a lesser included offense of the charged crime; (2) there is a failure to explain the additional elements of the offense to which the defendant will plead; and (3) under the facts of the indictment, the defendant

could not have committed nor been convicted of the offense. *State v. Fletchinger*, 51 Ohio App.2d 73, 366 N.E.2d 300 (8th Dist.1977). *See also State v. Jones*, 181 Ohio App.3d 47, 2009-Ohio-483, 907 N.E.2d 1209 (8th Dist.).

**{¶9}** In *Jones*, this court applied the *Fletchinger* test, found the defendant's right to due process was violated, and reversed the defendant's conviction. *Jones* at ¶ 7-13. In accordance with *Fletchinger*, this court determined there was a due process violation because: (1) the defendant pleaded guilty to an offense that was not a lesser included offense of the charged offense, (2) the trial court failed to determine that the defendant understood the nature of the charges to which she pleaded guilty, *and* (3) the defendant could not have been convicted of the lesser included offense under the facts of the case. Because all three elements of the *Fletchinger* test were met, due process demanded the defendant's conviction be reversed. *Jones* at ¶ 9-11.

**{¶10}** This case is distinguishable from *Jones*. Although it is undisputed that permitting drug abuse in violation of R.C. 2925.13(B) is not a lesser included offense of drug possession in violation of R.C. 2925.11(A), the other two elements of the *Fletchinger* test are not satisfied. At the plea hearing, the court explained the elements of the permitting drug abuse offense before English entered her guilty plea. The court encouraged English to inform the court if she did not understand something in the proceedings and also asked her several times if she had any questions. English indicated she understood everything that transpired and that she was satisfied with her trial counsel.

**{¶11}** Further, the facts of this case support a permitting drug abuse conviction in violation of R.C. 2925.13(B), which states:

> No person who is the owner, lessee, or occupant, or who has custody, control, or supervision, of premises or real estate, including vacant land, shall knowingly permit the premises or real estate, including vacant land, to be used for the commission of a felony drug abuse offense by another person.

Here, police were investigating Akins, who was suspected of drug trafficking. Police discovered keys to English's apartment in Akins's home, searched her apartment pursuant to a search warrant, and discovered large quantities of drugs hidden in a cupboard above the refrigerator. English was not the target suspect or drug dealer; she was holding the drugs for someone else. Thus, the facts of this case support a permitting drug abuse conviction.

**{¶12}** Although English pleaded guilty to an amended charge that was not a lesser included offense of the original charge, the other two elements of the *Fletchinger* test are satisfied. Therefore, the trial court did not violate English's constitutional right to due process.

**{¶13}** Accordingly, we overrule the first assignment of error.

## Understanding of the Charges

**{¶14}** In the second assignment of error, English argues the trial court violated her right to due process when it accepted her guilty plea without determining whether she understood the nature of the charges. She also contends the trial court committed a

reversible error by failing to explain why the permitting drug abuse charge was a felony instead of a misdemeanor.

{¶15} To ensure that a plea to a felony charge is made knowingly, intelligently, and voluntarily, a trial court must comply with the dictates of Crim.R. 11(C)(2). Under this provision, a trial court must personally address the defendant and (1) determine that the defendant understands the nature of the charges against her and the maximum penalty involved, (2) inform the defendant of and determine that she understands the effect of a guilty or no contest plea and that the court may proceed with judgment and sentence, and (3) inform and determine that the defendant understands the constitutional rights she is giving up by entering into the plea. Crim.R. 11(C)(2)(a)-(c).

{¶16} The United States Supreme Court identified the defendant's constitutional rights as (1) the Fifth Amendment privilege against compulsory self-incrimination, (2) the right to trial by jury, and (3) the right to confront one's accusers. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). *See also* Crim.R. 11(C)(2)(c). There is no authority supporting English's contention that she had a constitutional right to understand why the drug charge was a felony rather than a misdemeanor.

{¶17} A trial court must strictly comply with the dictates of Crim.R. 11(C)(2) regarding the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. With respect to the other requirements of Crim.R. 11(C)(2) relating to nonconstitutional rights, the trial court must substantially comply with Crim.R. 11(C)(2). *State v. Drake*, 8th Dist. Cuyahoga No. 98640,

2013-Ohio-1984, ¶ 5. Substantial compliance means that under the totality of the circumstances, the defendant subjectively understood the implications of his plea and the rights he was waiving. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶18}** The reviewing court conducts a de novo review to determine whether the trial court accepted a plea in compliance with Crim.R. 11(C). *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26. We are required to review the totality of the circumstances and determine whether the trial court complied with the requirements of Crim.R. 11(C). *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶ 6.

**{¶19}** Here, the transcript indicates that, under the totality of the circumstances, English understood the charges against her. The prosecutor identified the charges when he read the amended indictment at the beginning of the proceeding. English's trial counsel informed the court that he discussed the plea agreement with her and that he anticipated she would be entering the plea knowingly, intelligently, and voluntarily. As previously stated, the court also identified the elements of the amended charge and paused several times to ask if English had any questions. Indeed, she encouraged English to interrupt the proceedings if there was something she did not understand. The court informed English: "I'd be happy to give you a moment to talk to your lawyer or address the Court."

**{¶20}** English indicated she was satisfied with the representation of her counsel, that she understood the effect of her plea, and that no promises had been made to induce

her plea. The court reminded her that she would no longer be permitted to possess a firearm as a result of her conviction. The court also advised her of her constitutional rights. Furthermore, there is no requirement that the court explain why a charge is a felony rather than a misdemeanor. Therefore, we find that English was aware of the nature of the charge to which she knowingly, intelligently, and voluntarily pleaded guilty.

{¶21} The second assignment of error is overruled.

## Forfeiture of CCW Permit

{¶22} In the third assignment of error, English argues the trial court violated her right to due process when it ordered the forfeiture of her CCW permit. She contends the court lacked authority to revoke or suspend the license.

{¶23} R.C. 2923.128, which governs the suspension and revocation of CCW licenses, states that "[a] sheriff who issues a concealed handgun license shall revoke the license * * * upon becoming aware that the licensee * * * is convicted of or pleads guilty to [a felony]." R.C. 2923.128(B)(1)(c). R.C. 2923.128(B)(2), which governs the actual revocation procedure, requires the sheriff to notify the licensee, by certified mail, that the license is subject to revocation and that the licensee may come to the sheriff's office to contest the revocation. However, if it is confirmed that the licensee was in fact convicted of or pleaded guilty to a felony, "the sheriff shall revoke the license, notify the licensee of that fact, and require the licensee to surrender the license." R.C. 2923.128(B)(2).

{¶24} R.C. 2923.128(B)(2)'s requirement that the sheriff notify the licensee that her license is subject to revocation is intended, at least in part, to satisfy due process. Due process of law requires notice and an opportunity to be heard prior to deprivation of a protected interest. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 567, 664 N.E.2d 931 (1996).

{¶25} Here, the court notified English that she would lose her CCW license if she pleaded guilty to a felony, and English indicated on the record that she understood that fact. Although English objected when the state moved for forfeiture of her CCW, English conceded at the time of sentencing that she could no longer legally possess a firearm now that she has a felony conviction.

{¶26} R.C. 2923.128 indicates that the sheriff is vested with the authority to issue and revoke CCW licenses. It does not give such power to the court. Nevertheless, the court's order prohibiting the return of English's CCW license is not a revocation. It is merely an order preventing English from regaining possession of a license that is subject to revocation, and it is not a deprivation because English is no longer legally permitted to own or possess a firearm. We therefore find no due process violation.

{¶27} Accordingly, we overrule the third assignment of error.

### Journal Entry

{¶28} In the fourth assignment of error, English argues a corrected journal entry dated January 24, 2013, improperly required her to relinquish her CCW permit to the Shaker Heights Police Department. She contends the judgment entry of conviction and

sentence is inconsistent with the trial court's oral pronouncement at the sentencing hearing.

**{¶29}** As previously stated, the trial court stated in open court that it was prohibiting the return of English's CCW license. According to a transcript from the Shaker Heights Municipal Court, the Shaker Heights Police Department executed the warrant to search English's residence and seized the drugs, guns, money, and CCW permit. Presumably the Shaker Heights police still had these items in their custody at the time of sentencing. Thus, the court's oral pronouncement that English's CCW license would not be returned to English is consistent with its journal entry ordering forfeiture of the CCW to the Shaker Heights Police Department. Moreover, because English is no longer permitted to possess a firearm, she is not prejudiced by the court's forfeiture order.

**{¶30}** Accordingly, the fourth assignment of error is overruled.

### Court Costs

**{¶31}** In the fifth assignment of error, English argues the trial court violated her right to due process by failing to comply with R.C. 2947.23(A)(1)(a)(i) when it failed to notify her that the court may order her to perform community service until court costs are satisfied.

**{¶32}** R.C. 2947.23(A)(1)(a)(i) states that when a judge imposes a community control sanction or other nonresidential sanction, the court "*shall* notify the defendant" that if they fail to pay the judgment for costs or fail to make timely payments towards court costs under a payment schedule approved by the court, "the court may order the

defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule."   (Emphasis added.)

{¶33} The state concedes that the notice provision in R.C. 2947.23(A)(1)(a)(i) is mandatory and that the court failed to comply with it.   The trial court's docket indicates that costs have not been paid.   Therefore, the fifth assignment of error is sustained.

{¶34} We affirm the trial court's judgment in part but remand the case to the common pleas court for the limited purpose of providing the notification required under R.C. 2947.23(A)(1)(a)(i).

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the common pleas court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR