The STATE of Ohio, Appellee,

v.

BLAIR, Appellant.

[Cite as *State v. Blair* (1998), 128 Ohio App.3d 435.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 97–CA–67.

Decided June 19, 1998.

*Gregory M. Morris,* Clark County Assistant Prosecuting Attorney, for appellee.

*Daniel J. O'Brien,* for appellant.

Fain, Judge.

Defendant-appellant William J. Blair appeals from his conviction and sentence for attempted rape, following a negotiated guilty plea. Blair contends that the trial court erred by accepting the plea without first determining that he understood the nature of the charge, as required by Crim.R. 11(C)(2)(a). We agree with Blair. Consequently, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

I

Blair was charged with kidnapping and attempted rape. On the day of trial, Blair accepted a plea bargain, pleading guilty to attempted rape, with the state dismissing the kidnapping charge. The trial court accepted the plea and sentenced Blair accordingly. From his conviction and sentence, Blair appeals.

II

Blair's sole assignment of error is as follows:

"The trial court violated appellant's due process rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and erred under Ohio Criminal Rule 11(C) by accepting appellant's guilty plea without first determining that appellant understood the nature of the charge to which he was pleading guilty."

Blair relies upon Crim.R. 11(C)(2)(a), which provides in part:

"In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved."

Blair contends that the trial court failed to determine that he understood the nature of the charge—attempted rape.

The pertinent part of the plea colloquy between Blair and the trial judge includes the following:

"THE COURT: All right. Mr. Blair, did you understand the plea agreement?

"THE DEFENDANT: Yes, I do.

"THE COURT: Do you understand the State of Ohio is dismissing the kidnapping indictment; and your attorney, Mr. Lehmkuhl's, entering a guilty plea on your behalf to the charge of attempted rape.

"That charge is an aggravated felony of the second degree. When you plead guilty, you're admitting you committed that offense; and you're subject to a maximum sentence of 8 years to 15 years in the state penitentiary and a maximum fine of 7,500 dollars.

"Under this plea agreement, the Court will sentence you at this time to the Ohio State Penitentiary for a term of 5 years to 15 years. Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: Have you discussed the facts of the case with your lawyer?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you understand the nature of the charge against you?

"THE DEFENDANT: Yes.

"THE COURT: And do you understand the consequence of the plea?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you wish to enter this plea voluntarily?

"THE DEFENDANT: Yes, sir."

Whereupon, the trial court proceeded to explain to Blair the rights that he would be waiving by pleading guilty and also ascertained that Blair was willing to waive those rights.

The Ohio Supreme Court has expounded upon the nature of the determination that the trial court must make, in accepting a guilty plea, as follows:

"The question before the court is whether the defendant received a notice of the charges leveled against him and, if so, did he understand the nature of those charges. As to the latter requirement, there is no easy or exact way to make such a determination, *i.e.*, to determine what someone subjectively understands. If the defendant receives the proper information, then we can ordinarily assume that he understands that information. In this case, we must decide whether the defendant's counsel, or someone else, provided defendant with information or notice of the charges. To do so, we look at all the particular facts and circumstances surrounding the case. *Johnson v. Zerbst* (1938), 304 U.S. 458, 464 [58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466]." *State v. Carter* (1979), 60 Ohio St.2d 34, 38, 14 O.O.3d 199, 201, 396 N.E.2d 757, 760.

In view of the fact that Blair's plea was tendered on the day of trial, it is entirely plausible that his counsel had reviewed with him the nature of the charges against him, so that he understood what the state was required to prove. However, there is nothing in the record from which the trial court could make that determination. "The record must demonstrate that [the] defendant has

acquired an understanding of the nature of the charges against him, from whatever source, be it from the trial court itself, the prosecutor, or some other source, such that the trial court can determine that [the] defendant understands the charges to which he was pleading guilty or no contest." *State v. Shultz* (Mar. 23, 1994), Miami App. Nos. 93–CA–24 and 93–CA–25, unreported, 1994 WL 101512. See, also, *State v. Cookson* (June 1, 1993), Montgomery App. No. 13368, unreported, 1993 WL 189921.

 Because there is nothing in this record to support a finding that Blair was ever advised, by anyone, of the nature of the charge of attempted rape—that is, what the state would have had to prove to convict him—we agree with Blair that the trial court erred in accepting his plea. A defendant's mere affirmative response to the question whether he understands the nature of the charge against him, without more, is insufficient to support the necessary determination that he understands the nature of the charge against him.

Blair's sole assignment of error is sustained.

### III

Blair's sole assignment of error has been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WOLFF and GRADY, JJ., concur.