JOURNAL ENTRY AND OPINION
In this appeal from a guilty plea, appellant Philpott claims he was not informed what elements were necessary in order for the state to prove its case against him.
Philpott was indicted on August 2, 1995 on one count of having a weapon while under a disability and two counts of felonious assault. All three counts had firearm and violence specifications. Although he originally pleaded not guilty, under a plea agreement Philpott changed his plea to guilty of felonious assault. The guilty plea was in exchange for dismissal of the weapons disability count and the violence and firearms specifications. On October 24, 1995, Philpott was sentenced to 5 to 15 years on the first count and 5 to 15 years on the second count, with the sentences to run consecutively. (Tr. at 24.) This court granted appellant's delayed appeal.
For his sole assignment of error, appellant states:
 THE GUILTY PLEA OF THE APPELLANT/DEFENDANT WAS NOT A KNOWING, VOLUNTARY, AND INTELLIGENT WAIVER OF HIS CONSTITUTIONAL RIGHTS BECAUSE THE TRAIL [sic] COURT DID NOT ADVISE HIM OF THE NATURE OF THE CHARGES AGAINST HIM.
Appellant claims that because the trial court did not advise him of what the state would have to prove to convict him, the court failed to establish that he knew the nature of the charges against him. Appellant claims that to properly establish his understanding of the nature of the charges against him, the trial court would have had to state on the record the specific elements of each of the crimes.
Philpott relies on State v. Blair (1998), 128 Ohio App.3d 435, a Second District case. In Blair, the defendant agreed to a plea bargain in which he pleaded guilty to attempted rape in exchange for dismissal of a kidnaping charge. Blair later claimed that he did not understand the nature of the charge against him. The Blair court held that
 [b]ecause there is nothing in this record to support a finding that Blair was ever advised, by anyone, of the nature of the charge of attempted rape that is, what the state would have to prove to convict him we agree with Blair that the trial court erred in accepting his plea. A defendant's mere affirmative response to the question whether he understands the nature of the charge against him, without more, is insufficient to support the necessary determination that he understands the nature of the charge against him.
Blair at 438. The Blair court, however, does not distinguish between the nature of the crime and the elements of the crime. We agree a defendant must be advised of the nature of the charge. We disagree that the court must ascertain that a defendant was advised as to what the state would have to prove to convict him. Id.
The nature of the crime, also referred to as the nature of the charge, is a more general knowledge of the crime. An understanding of the nature of the charge requires that the defendant possesses an understanding of the law in relation to the facts. McCarthy v. U.S. (1968), 394 U.S. 459,466. In other words, although the defendant may not be able to outline each element of the crime, he knows the circumstances of the crime. State v. Lane (Nov. 19, 1999), Ashtabula App. Nos. 97-A-0056, 97-A-0057, 97-A-0058.
The nature of the crime or charge is first contained in the indictment. R.C. 2941.05 states
 [i]n an indictment or information charging an offense, each count shall contain, and is sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. It may be in the words of the section of the Revised Code describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is charged.
Knowledge of the nature of the crime or charge is more general than knowledge of the actual elements of the crime. For example, [i]t is not required under Crim.R. 11 that the defendant be informed of the degree of his felony. State v. Titus (Apr. 30, 1999), Clark App. No. 98-CA-42, unreported, 1999 Ohio App. LEXIS 1901, at *23.
Nor is it necessary for the court to delineate that each fact of that particular case is consistent with the law. In State v. Mahan (Nov. 2, 1994), Montgomery App. No. 12995, unreported, 1994 Ohio App. LEXIS 4910, the appellant claimed that he was not aware of the nature of the crime of felonious sexual penetration because the prosecutor did not include the age of the victim in his recitation of the facts. The court found, however, that the appellant could not have been unaware of the fact that the applicable statute embraced any victim under thirteen years of age. Id. at 4.
Similarly, even if the court did not specifically state each element of the offense to Philpott, his understanding of the charge was clear from the discussion he had with the judge at his plea and his sentencing. A familiarity with the facts alleged relating to each count of the crimes charged is enough to provide the defendant with knowledge of the nature of the crime. Ohio v. Elofskey (May 6, 1994), Montgomery App. No. 13970, unreported, 1994 Ohio App. LEXIS 1922, at *7.
As the court found in State v. Olds (June 8, 2000), Cuyahoga App. No. 76240, unreported, 2000 Ohio App. LEXIS 2542, at *10, if the defendant states that he understands the offense against him and can state in general terms what that offense is, he is aware of the nature of the crime charged. In Olds, the appellant claimed he was not aware of the nature of the crime charged because he was not apprised of the elements of the crime. The court found, however, that because Olds was able to articulate that his crime was `that I assaulted the peace officer[,]' he had sufficient knowledge of the nature of his crime. The nature of a crime or charge is more general than the specific elements of the crime.
The elements of the crime, on the other hand, are specific: according to Black's Law Dictionary, the elements of the crime are those constituent parts of a crime which must be proved by the prosecution to sustain a conviction. Id. at 467. If the prosecutor is not able to convince the jury or the court that each element of the crime is true, the defendant cannot be convicted. This level of knowledge of the crime, however, is not necessary to constitute knowledge of the nature of the crime.
Appellant also relies on In re Fulk (1999), 132 Ohio App.3d 470, in which a juvenile entered an admission (the juvenile court equivalent to a guilty plea) to disorderly conduct in exchange for the court dismissing domestic violence charges against her. The juvenile later appealed, claiming that she did not understand her constitutional rights. Specifically, the trial court in Fulk
 did not apprise appellant of the nature of the charge against her, nor did the court inform her of the possible consequences of an admission. The trial court also failed to advise appellant that by entering an admission, she would consequently waive her right to challenge the witnesses and the evidence against her, to remain silent, and to introduce evidence at the adjudicatory hearing.
Id. at 472. The Fulk case differs significantly from the case at bar because the court in Fulk failed to inform the defendant of her constitutional rights to confront witnesses against her and to remain silent. Had these omissions occurred in the case at bar, Philpott's plea would also be considered uninformed. Philpott, on the other hand, alleges that the court failed to advise him solely of his right of knowing the nature of the charge against him.
In order to ascertain the defendant's understanding of the charges against him, the court must decide whether defendant's counsel, or someone else, provided defendant with information or notice of the charges. To do so, we look at all the particular facts and circumstances surrounding the case. State v. Carter (1979), 60 Ohio St.2d 34, 38. There is a presumption, however, that the defense counsel did inform the defendant of the nature of the charges: `even without such express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit.' Carter at 38, quoting Henderson v. Morgan (1976), 426 U.S. 637. However, it would appear that the burden upon the trial court becomes greater once there is an indication that the defendant is confused. State v. Swift (1993), 86 Ohio App.3d 407, 413.
At no point in his plea hearing or his sentencing did it appear that Philpott was confused. Nor did his attorney express any concern regarding his understanding of the consequences of his plea and the nature of the offense.
An examination of the trial court transcript demonstrates that Philpott was fully informed of his constitutional rights and understood the nature of the charge against him. He was informed by the court at the time of his plea that if he agreed to
 plead guilty to two non-probational felonious assaults * * * Count 3, the non-probational weapons disability charge will be dismissed. [The prosecutors] are deleting the firearms specifications under the felonious assault counts reflected in both 1 and 2 of the two violence specifications. * * * Has all that been explained to you?
The defendant responded, Yes. (Tr. at 3-4.)
The trial judge also informed Philpott that he was free to ask any questions he had to the judge, his own attorney, or the prosecutor. The judge proceeded to inform Philpott as follows:
 The burden of proof is on [the prosecutor] to prove the elements of the crime charged beyond a reasonable doubt. By pleaing [sic], he will not have to do that because you are going to admit that you perpetrated two felonious assaults. Do you understand that? Defendant replied, Yes, sir. [Tr. at 5.]
The trial court did not have to inform Philpott of each element of the crimes of which he was accused.
 It is not always necessary that the trial court advise defendant about the elements of the crime as long as the totality of the circumstances are such that the trial court is warranted in determining that the defendant understands the charge. State v. Rainey (1982), 3 Ohio App.3d 411, 446 N.E.2d 188. A detailed recitation of the elements of the charge is not required under Crim.R. 11(C). State v. Swift (1993), 86 Ohio App.3d 407, 621 N.E.2d 513.
State v. Arnold (July 16, 1998) Cuyahoga App. No. 72813, unreported, 1998 LEXIS 3292 at *6-7.
Philpott was charged with two counts of felonious assault in violation of R.C. section 2903.11[1] and possessing a firearm while under a disability in violation of R.C. section 2923.13.[2] First, Philpott does not specify what elements of these charges he was not informed of. Second, Philpott does not reference any section of the transcript that shows he did not understand or was confused about any of the elements of the charges. Nothing in the record indicates that Philpott was unaware of the charges against him.
On the contrary, in the dialogue between the judge and Philpott during Philpott's sentencing hearing, Philpott's focus on certain details reveals he understood the nature of the charges against him. When asked if he had anything to say prior to sentencing, Philpott stated, You know, I got into a fight with him. That was it. When I heard gunshots, I took off and ran. But they know they trying to say I did it because they know me. They know I was there. One already stated he didn't know who shot him. (Tr. at 16.) Here, his defense focuses on the gun. In denying his role as the gunman, Philpott implicitly demonstrated his awareness that possession and use of the gun were necessary elements of the crime of having a weapon while under a disability. The trial court could conclude from the totality of the circumstances that the defendant understood the charges.
Accordingly, appellant's conviction following his guilty plea to lesser charges is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J., and JAMES M. PORTER, J., CONCUR.
[1] Regarding the law in effect prior to 1996, when the offenses took place, the elements that the prosecutor would have had to prove for felonious assault are found in R.C. 2903.11:
(A) No person shall knowingly;
(1) Cause serious physical harm to another;
 (2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.
 (B) Whoever violates this section is guilty of felonious assault, an aggravated felony of the second degree. * * *
[2] R.C. 2923.13, the statute concerning having a weapon while under disability, states:
 (A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply;
* * *
 (2) Such person is under indictment for or has been convicted of any felony of violence, or has been adjudged a juvenile delinquent for commission of any such felony;
* * *
 (B) Whoever violates this section is guilty of having weapons while under disability, a felony of the fourth degree.