OPINION
Defendant was indicted on four possession charges under R.C. 2925.11(A): possession of marijuana, over 20,000 grams; aggravated possession of morphine, over the bulk amount but less than five times bulk; aggravated possession of ecstasy, over five times the bulk amount but less than fifty times bulk; and possession of marijuana, over 200 grams but less than 1,000 grams. A one year firearm specification, R.C. 2941.141, was attached to the counts involving morphine and ecstasy.
After his motions to dismiss the charges and to suppress the evidence were overruled by the trial court, Defendant entered into a negotiated plea agreement with the State on the morning of trial. In exchange for Defendant's guilty pleas to an amended charge of attempting to possess over 20,000 grams of marijuana, possession of morphine as charged without the gun specification, and possession of ecstasy as charged with the gun specification, the State dismissed the remaining possession of marijuana charge. Pursuant to the plea agreement, Defendant was to receive a five year sentence.
The trial court accepted Defendant's guilty pleas and subsequentlysentenced him to four years imprisonment on each offense, to be servedconcurrently, plus one year on the firearm specification consecutive tothe other sentences, for a total of five years., Defendant timelyappealed to this court from his convictions and sentences. Defendant'sappellate counsel subsequently filed an Anders brief, Anders v.California (1967), 386 U.S. 738, stating that he could not find anymeritorious issues for appellate review. Counsel did identify onepotential error. We notified Defendant of his appellate counsel'srepresentations and afforded him time to file a pro se brief. None hasbeen received. This case is now ready for decision.
 ASSIGNMENT OF ERROR "DEFENDANT-APPELLANT'S SENTENCE VIOLATES DUE PROCESS IN THAT HE WAS NOT GIVEN PROPER NOTICE OF THE CHARGES TO WHICH HE WAS ENTERING A PLEA."
As potential error, Defendant's appellate counsel suggests that the trial court accepted Defendant's guilty pleas without first determining that Defendant understood the nature of the charges to which he was pleading guilty. Crim.R. 11(C)(2)(a); State v. Blair (1998),128 Ohio App.3d 435. The record of the plea proceeding refutes thisclaim.
During the plea proceedings the terms of the plea agreement, including the charges to which Defendant would plead guilty, were recited on the record in open court. Furthermore, the prosecutor recited in Defendant's presence the elements of those offenses to which Defendant was pleading guilty. When addressed by the trial court, Defendant stated that he understood the plea agreement and the nature of the charges.
This record affirmatively demonstrates that Defendant was advised of the nature of the charges to which he was pleading guilty and that he understood those charges. Defendant expressly waived any defects in service with respect to the amended charge of attempting to possess over 20,000 grams of marijuana. Furthermore, the trial court complied in all respects with Crim.R. 11(C)(2) in accepting Defendant's guilty pleas. Defendant's claimed error lacks arguable merit and is therefore wholly frivolous.
In addition to reviewing appellate counsel's claimed error, we have conducted our own independent review of the trial court's proceedings in this case. We have discovered no errors having arguable merit. Accordingly, the judgment of the trial court will be affirmed.
WOLFF, P.J. and BROGAN, J., concur.