OPINION
{¶ 1} Walter Orum pled guilty to one count of burglary in the Clark County Court of Common Pleas and was sentenced to six years of imprisonment. He appeals his conviction and sentence.
 {¶ 2} On December 16, 2001, Orum and his co-defendant, Harry Hughes, entered the home of Paul and Brittany Coffey with a key and removed the Coffeys' safe. They then took the safe to a location where a third person, Arthur Cox, was located and cut open the safe, removing approximately $13,000 and other items. Together with Hughes, Orum was indicted on December 26, 2001 on charges of burglary in violation of R.C. 2911.12(A)(2), safecracking in violation of R.C. 2911.31, and theft in violation of R.C. 2913.02(A). He entered a plea of not guilty on December 28, 2002.
 {¶ 3} In March of 2002, Orum filed a motion to suppress, upon which a hearing was held on March 21 and April 1, 2002. That motion was overruled by the trial court at the conclusion of the hearing. Following the overruling of his motion to suppress, Orum pled guilty to the charge of burglary pursuant to an agreement in which the state dismissed the charges of safecracking and theft. The trial court sentenced Orum to six years of imprisonment.
 {¶ 4} Orum raised two assignments of error on appeal. However, in his reply brief, one of these assignments was withdrawn. We will therefore discuss only the remaining assignment of error.
 {¶ 5} "The trial court erred by failing to determine that appellant made his plea with an understanding of the nature of the charge."
 {¶ 6} Orum argues that the trial court failed to determine whether he understood the nature of the charge of burglary. He argues that the trial court did not define all the elements of burglary, specifically the elements of stealth and trespass, and that the facts of this case could not constitute the offense of burglary.
 {¶ 7} Pursuant to Crim.R. 11(C)(2), a trial court shall not accept a guilty plea without first:
 {¶ 8} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 9} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 10} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 11} Orum does not argue that the court failed to determine that he understood the effect of his plea or that the court failed to advise him as to the rights he waived by pleading guilty. Rather, Orum argues only that the trial court failed to determine that he understood the nature of the charge against him.
 {¶ 12} At Orum's plea hearing, the state made the following factual statement:
 {¶ 13} "On December the 16th of 2001, the defendant accompanied by Harry Hughes made an unauthorized entry into the residence of the Coffeys, the Coffey family, at 3375 Urban Lisbon Road which is in South Charleston.
 {¶ 14} "At the time of the injury [sic], this was in the afternoon, as I said; but the occupants of the place were temporarily away from the residence, and the residence at the time they entered was locked. The defendant apparently used a key to unlock the door and make entry.
 {¶ 15} "He and Hughes removed Mr. Coffey's or — I say Mr. Coffey's. The Coffey family's safe from the residence and then took it to a third person, Mr. Arthur Cox, where it was cut open; and they took the contents of the safe which contained a substantial amount of money, in the neighborhood of 13,000 dollars, and some other items of value to the Coffey family."
 {¶ 16} The trial court also described the nature of the charge to Coffey as follows:
 {¶ 17} "The nature of the charge of burglary contained in this indictment is that on or about the 16th day of December, 2001, in Clark County, Ohio, you did trespass by force or stealth in an occupied structure that is the habitation of a person when any person other than an accomplice of yours was likely to be present and your purpose was to commit in that habitation a criminal offense, specifically a theft offense."
 {¶ 18} When asked if he understood the nature of the charge, Orum replied that he did. When asked if he agreed with the factual statement read by the prosecutor, Orum indicated that he did. He was further represented by competent counsel, with whom he indicated that he had discussed the plea. Thus, there is nothing in the record to support Orum's present contention that he did not understand the nature of the offense to which he was pleading guilty. Rather, the record indicates that he did have such an understanding.
 {¶ 19} Orum, however, argues that the trial court did not satisfactorily determine that he understood the nature of the charge because it did not describe the elements of trespass, force, and stealth. We agree with the state's argument that, as the charge was based upon entry by force rather than stealth, there was no need to define stealth. Furthermore, we believe that the state's factual statement, combined with the trial court's description of the offense, was sufficient to indicate to Orum the nature of the offense with which he was charged. In addition to the word "trespass" utilized by the trial court, the prosecutor had stated that Orum had made an unauthorized entry. Although the trial court did not define "force," the prosecutor's description of the entry satisfied the statutory definition of force. See R.C. 2901.01(A)(1) and State v. Ford (May 17, 1996), Montgomery App. No. 15374.
 {¶ 20} The caselaw cited by Orum, particularly State v.Fletchinger (1977), 51 Ohio App.2d 73, 77, 366 N.E.2d 300, is distinguishable. That case involved factual circumstances such that the defendant could not have been guilty of the charged offense. In this case, there is nothing in the record to negate Orum's guilt on the charge of burglary. Likewise, State v. Blair (1998), 128 Ohio App.3d 435,715 N.E.2d 233, is distinguishable. In that case, the court merely asked the defendant if he understood the nature of the charges against him, and the defendant answered affirmatively. We held that, absent any evidence in the record that the defendant was advised of the nature of the charges against him, the trial court could not appropriately determine whether the defendant understood the nature of the charge. Id. In the present case, there is ample evidence that Orum was advised of the nature of the charge. The prosecutor described the facts supporting a charge of burglary, and Orum agreed that the facts were accurate. The court then described the offense of burglary. Based upon this record, the trial court had ample evidence from which it could have reasonably concluded that Orum understood the nature of the charge to which he pled guilty.
 {¶ 21} Orum's assignment of error is overruled.
 {¶ 22} The judgment of the trial court will be affirmed.
GRADY and YOUNG, JJ., concur.