OPINION
{¶ 1} Defendant-appellant, Jeff Bell, appeals from a Mahoning County Common Pleas Court judgment sentencing him to three consecutive six-year terms of imprisonment and designating him as a sexual predator following his guilty plea to three counts of rape.
 {¶ 2} A Mahoning County grand jury indicted appellant on eight counts of rape, all first-degree felonies. Counts one, two, and three charged appellant with violations of R.C. 2907.02(A)(1)(b)(B), which is punishable by life imprisonment. The remaining five counts were violations of R.C. 2907.02(A)(2)(B). Appellant initially entered a plea of not guilty to all charges. He subsequently changed his plea to guilty pursuant to the terms of a Crim.R. 11 agreement.
 {¶ 3} Under the agreement, plaintiff-appellee, the State of Ohio, amended counts one, two, and three by deleting the language requiring life imprisonment and dismissed the remaining five counts of rape. In exchange, appellant entered guilty pleas to the amended counts and stipulated to a sexual predator classification. Appellee recommended a sentence of fifteen years (five years for each of the three counts, served consecutively).
 {¶ 4} The trial court conducted a Crim.R. 11 hearing, and accepted appellant's guilty plea. At a later date, the court sentenced appellant to six years on each of the three counts of rape, to be served consecutively, for a total prison term of 18 years. Appellant filed a timely notice of appeal on May 23, 2006.
 {¶ 5} Appellant raises two assignments of error, the first of which states:
 {¶ 6} "THE TRIAL COURT FAILED TO SUBSTANTIALLY COMPLY WITH CRIM. R. 11 AND, THEREFORE, ERRED IN ACCEPTING THE APPELLANT'S GUILTY PLEA. AS SUCH, THE DEFENDANT'S GUILTY PLEA WAS NOT KNOWING, INTELLIGENT AND VOLUNTARY."
 {¶ 7} Appellant claims that the trial court failed to substantially comply with Crim.R. 11(C). Appellant argues the trial court failed to adequately determine whether he understood the effect of his guilty plea and whether he understood the nature of the charges. Thus, he contends that his plea was not knowing, intelligent, *Page 2 
and voluntary.
 {¶ 8} Pursuant to Crim.R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim.R. 11(C)(2). If the plea is not knowing and voluntary, it has been obtained in violation of due process and is void. State v. Martinez, 7th Dist. No. 03-MA-196, 2004-Ohio-6806, at ¶ 11, citing Boykin v. Alabama (1969), 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274.
 {¶ 9} Crim.R. 11(C)(2) describes the requirements for accepting pleas of guilty and no contest in felony cases:
 {¶ 10} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 11} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 12} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 13} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 14} A trial court must strictly comply with Crim.R. 11(C)(2) pertaining to the waiver of federal constitutional rights.Martinez, 7th Dist. No. 03-MA-196, at ¶ 12. *Page 3 
However, it need only substantially comply with Crim.R. 11(C)(2) pertaining to non-constitutional rights such as informing the defendant of "the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence." Id., citing Crim.R. 11(C)(2)(a)(b). Substantial compliance requires that when considering the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. State v. Nero (1990), 56 Ohio St.3d 106, 108,564 N.E.2d 474.
 {¶ 15} In this case, appellant concedes that the trial court strictly complied with Crim.R. 11(C)(2) by properly advising him of his constitutional rights. However, he asserts that the court did not substantially comply with Crim.R. 11(C)(2) in informing him of the nature of the charges against him and of the effect of his guilty plea.
 {¶ 16} Before accepting appellant's plea, the trial court engaged in the following colloquy with him:
 {¶ 17} "THE COURT: Well, Mr. Bell, do you want to withdraw your former pleas of not guilty and now enter pleas of guilty to three counts of rape as charged in Counts One, Two, and Three, understanding that the life specifications to those counts will be dismissed?
 {¶ 18} "* * *
 {¶ 19} "THE DEFENDANT: Yes, sir. Yes, sir.
 {¶ 20} "* * *
 {¶ 21} "THE COURT: Do you understand what these charges are and all the elements contained within them?
 {¶ 22} "THE DEFENDANT: Yes, sir.
 {¶ 23} "THE COURT: Do you understand there's also an agreement that you are stipulating to a sexual predator status?
 {¶ 24} "THE DEFENDANT: Yes, sir.
 {¶ 25} "* * *
 {¶ 26} "THE COURT: Do you understand if you plead guilty you're giving up *Page 4 
all of your trial and appellate rights?
 {¶ 27} "THE DEFENDANT: Yes, sir." (Plea Tr. 4-6).
 {¶ 28} The court then went on to explain to appellant all of the constitutional rights and appellate rights he was waiving. (Plea Tr. 6-7). Appellant indicated that he understood these rights. (Plea Tr. 6-7). The court then informed appellant how his sentencing would proceed, what the maximum fines and sentences were that he could receive, that he was not eligible for probation, and how his post-release control would work. (Plea Tr. 8-10). Appellant stated that he understood this information. (Plea Tr. 8-10).
 {¶ 29} The colloquy then continued:
 {¶ 30} "THE COURT: * * * [S]o do you understand all the things that I've said to you so far?
 {¶ 31} "THE DEFENDANT: Yes, sir.
 {¶ 32} "THE COURT: With that understanding, are you willing to state for the record that your plea is freely and voluntarily made?
 {¶ 33} "THE DEFENDANT: Yes, sir.
 {¶ 34} "* * *
 {¶ 35} "THE COURT: Now, I've gone through this written plea of guilty form. Has everything in this form and in these proceedings been explained to you fully by me and by your lawyer to your satisfaction?
 {¶ 36} "THE DEFENDANT: Yes, sir.
 {¶ 37} "THE COURT: Do you have any questions about anything?
 {¶ 38} "THE DEFENDANT: No, sir." (Plea Tr. 10-12).
 {¶ 39} Appellant relies in part on State v. Blair (1998),128 Ohio App.3d 435, 715 N.E.2d 233, in contending that his plea was not voluntarily made. But Blair is distinguishable from this case. InBlair, the trial court asked the defendant whether he discussed the facts of the case with his lawyer and whether he understood the nature of the charges. The defendant responded "yes" to both questions. However, the Second Appellate District reversed the conviction holding that, "[a] defendant's *Page 5 
mere affirmative response to the question whether he understands the nature of the charge against him, without more, is insufficient to support the necessary determination that he understands the nature of the charge against him." Id. at 438. The court reasoned that the record must show that the defendant had acquired an understanding of the charges against him from any source, such as the trial court or prosecutor, in order for the court to determine the defendant understood the charges. Id. 437-38.
 {¶ 40} Unlike Blair, the record in this case is not silent as to appellant's understanding of the charges against him. The record shows that defense counsel went over the elements of the offenses with appellant. At the plea hearing, appellant's counsel stated:
 {¶ 41} "For the record, I paraphrased the entire plea agreement with my client, went over it with him, went over the elements of the offenses again, recommendations of the prosecuting attorney, and post-release control possible sanctions. I then allowed my client to read the plea form through himself. He's executed the plea form and is prepared for a Rule 11 inquiry from the court." (Tr. 4).
 {¶ 42} Here, unlike in Blair, the record demonstrates that appellant's counsel discussed the entire plea deal with appellant, including the elements of the offense. The trial court was not faced with appellant's mere affirmative response that he understood the charges against him. The court had defense counsel's affirmation that he discussed the charges with appellant. According to Blair, the record is required to show that appellant acquired an understanding of the charges against himfrom any source in order for the court to determine the defendant understood the charges. Here the record showed that appellant acquired an understanding of the charges against him from his attorney.
 {¶ 43} Furthermore, appellant indicated to the trial court that he read through the plea form. The plea form states that appellant is pleading guilty to three counts of first-degree felony rape.
 {¶ 44} Thus, the record is sufficient to support the trial court's determination *Page 6 
that appellant understood the nature of the charges.
 {¶ 45} Appellant also contends that the trial court failed to inform him of the effect of his plea. Specifically, he contends that the court was required to inform him that a guilty plea is a "complete admission of guilt."
 {¶ 46} The trial court did not specifically inform appellant on the record that his guilty plea was a "complete admission of guilt." However, the Ohio Supreme Court has held: "A defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, acourt's failure to inform the defendant of the effect of his guilty pleaas required by Crim.R. 11 is presumed not to be prejudicial." (Emphasis added.) State v. Griggs, 103 Ohio St.3d 85, 814 N.E.2d 51,2004-Ohio-4415, at the syllabus. The Griggs Court also found important the fact that the defendant understood the rights that he waived by pleading guilty. Id. at ¶ 19.
 {¶ 47} In this case, appellant did not assert that he was innocent. And the record demonstrates that appellant clearly understood the rights he was waiving by pleading guilty. Furthermore, as stated above, appellant concedes that the trial court strictly complied with Crim.R. 11(C)(2) in informing him of his constitutional rights. Additionally, in his plea form, appellant specifically stated that he entered his guilty plea "with full knowledge of the consequences of this plea." Thus, pursuant to Griggs, we can presume that appellant understood that by pleading guilty, he was completely admitting his guilt. And importantly, we can presume that the trial court's failure to so inform appellant was not prejudicial. Appellant has not pointed to anything on the record that would tend to rebut this presumption. In fact, appellant entered his plea on February 17, 2006, but the trial court did not sentence him until April 21, 2006. Furthermore, if appellant believed that he suffered some prejudice or was not fully informed of his rights, he had two months in which he could have filed a motion to withdraw his plea. He did not do so.
 {¶ 48} Based on the above, we conclude that the trial court complied with Crim.R. 11(C) in accepting appellant's plea. Therefore, appellant's first assignment *Page 7 
of error is without merit.
 {¶ 49} Appellant's second assignment of error states:
 {¶ 50} "THE TRIAL COURTS SENTENCE OF THREE (3) CONSECUTIVE SIX (6) YEAR TERMS OF IMPRISONMENT WAS CONTRARY TO LAW AND CONSTITUTED AN ABUSE OF DISCRETION. FURTHER, THE APPELLANT WAS DENIED DUE PROCESS OF LAW AT THE SENTENCING HEARING."
 {¶ 51} Appellant contends that the trial court failed to consider a mitigating statutory sentencing factor in his favor and instead, used it against him. Appellant specifically points to the mitigating factor that prior to committing the offenses at issue, he had led a law-abiding life for a significant number of years. R.C. 2929.12(E)(3). In addition, appellant claims the trial court's sentence was not justified under the facts of the case. Thus, appellant asserts the trial court's sentence was contrary to law and constituted an abuse of discretion.
 {¶ 52} Trial courts have full discretion to impose a sentence within the statutory range and are no longer required to give reasons or make findings for imposing maximum, consecutive, or more than the minimum sentences. State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470,2006-Ohio-856, at ¶ 100; State v. Mathis, 109 Ohio St.3d 54,846 N.E.2d 1, 2006-Ohio-855, at ¶ 37. The trial court, in exercising its discretion, must carefully consider the statutes that apply to felony cases. Mathis, at ¶ 38. Those statutes include R.C. 2929.11, R.C.2929.12, and statutes that are specific to the case itself. Id.
 {¶ 53} In this case, appellant pleaded guilty to three counts of rape, all first-degree felonies. For a first-degree felony, the court may impose a prison term of three, four, five, six, seven, eight, nine, or ten years. R.C. 2929.14(A)(1).
 {¶ 54} Per the terms of the plea agreement, the state recommended that the court sentence appellant to three consecutive five-year prison terms for a total of 15 years. But plea agreements between the defendant and the state are not binding on the trial court. State v. Murray, 4th Dist. No. 04CA30, 2005-Ohio-2225, at ¶ 20. Sentencing decisions are within the trial court's sound discretion and the court is not *Page 8 
required to abide by the state's recommendation. State v. Beaver, (Oct. 30, 2001), 7th Dist. No. 99-BA-58. 2001-Ohio-3434. Here the court sentenced appellant to three consecutive six-year prison terms for a total of 18 years. Additionally, the court made appellant aware, before accepting his plea, that his sentence was up to the court. (Plea Tr. 11).
 {¶ 55} In sentencing an offender, the trial court is to consider certain statutory factors that tend to indicate whether the offender's crimes are more or less serious and whether the offender is more or less likely to commit future crimes. R.C. 2929.12(B)(C)(D)(E). Among the factors the court is required to consider that indicates that an offender is not likely to commit future crimes is: "Prior to committing the offense, the offender had led a law-abiding life for a significant number of years." R.C. 2929.12(E)(3).
 {¶ 56} At appellant's sentencing hearing the court stated, among other things: "[T]he APA [adult parole authority] makes a finding here that you lead a law-abiding life for a significant number of years prior to the offense. Well, I'm going to delete that. I don't agree with that. You've been hurting this little girl for a long time. To say you have lead a law-abiding life is a triumph of faith over experience because somebody who does what you did has done some wrong before this. I'm not going to give you credit for that." (Sentencing Tr. 10-11). Thus, the court in effect determined that it was not going to consider the fact that appellant led a law-abiding life prior to these offenses as a mitigating factor.
 {¶ 57} The court's philosophy here and its comment regarding what is intended to be a mitigating factor was inappropriate. While the court's comment did not reach the point of establishing an abuse of discretion, it came perilously close. However, given the court's broad discretion in sentencing, the fact that the court's sentence did not deviate significantly from the state's recommended sentence, and the fact that the court's sentence was within the statutory range, we cannot conclude that the court abused its discretion in this case. The court could have sentenced appellant to up to ten years for each count for a total of 30 years. *Page 9 
 {¶ 58} Accordingly, appellant's second assignment of error is without merit.
 {¶ 59} For the reasons stated above, the trial court's judgment is hereby affirmed.
Vukovich, J., concurs.
 DeGenaro, P.J., concurs. *Page 1